942 F.2d 791
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Eulalio HERNANDEZ, Plaintiff-Appellant,
v.
Samuel LEWIS, et al., Defendant-Appellee.
 No. 90-16434.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1991.*
Decided Aug. 29, 1991.
 
 Before BROWNING, FARRIS, and WILLIAM A. NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Eulalio Hernandez, an Arizona state prisoner, appeals pro se the district court's summary judgment in favor of the defendants, prison officials, in his 42 U.S.C. § 1983 action. Hernandez contends that the district court erred by finding that there was no genuine issue of material fact as to Hernandez's claim that prison officials were deliberately indifferent to his serious medical needs. Hernandez also contends that the district court erred by denying his motion for appointment of counsel. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * The Eighth Amendment Claim
 
 
 4
 We review the district court's grant of summary judgment de novo. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990). We must determine whether, viewing the evidence in the light most favorable to the nonmoving party, there are any genuine issues of material fact and whether the district court correctly applied the relevant law. Tzung v. State Farm Fire & Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989). The party opposing summary judgment may not rest on conclusory allegations but must set forth specific facts showing there is a genuine issue for trial. Mosher v. Saalfield, 589 F.2d 438, 442 (9th Cir.1978), cert. denied, 442 U.S. 941 (1979).
 
 
 5
 To state a section 1983 claim for a violation of a prisoner's eighth amendment rights due to inadequate medical care, the prisoner must allege facts evidencing a deliberate indifference to his serious medical needs. Wilson v. Seiter, 111 S.Ct. 2321, 2323 (1991); Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir.1986), cert. denied, 481 U.S. 1069 (1987). "Such indifference may be manifested in two ways. It may appear when prison officials deny, delay or intentionally interfere with medical treatment or it may be shown by the way in which physicians provide medical care." Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir.1988) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976). The alleged indifference of the prison officials must rise to the level of "unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 104. Differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnosis or treatment are not enough to state a deliberate indifference claim. Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir.1981). Moreover, "[n]either 'an inadvertent failure to provide adequate medical care,' nor a physician's negligence 'in diagnosing or treating a medical condition ... state a valid claim of medical mistreatment under the Eighth Amendment.' " Anthony v. Dowdle, 853 F.2d 741, 743 (9th Cir.1988) (quoting Estelle, 429 U.S. at 105-06).
 
 
 6
 Here, Hernandez claims that prison officials showed a deliberate indifference to his serious medical needs by (1) refusing to surgically remove excess skin known as panniculus from around his abdomen, (2) delaying treatment of varicose veins in his legs, (3) delaying treatment of a deformity known as hammertoes in his feet, and (4) failing to provide the proper diet necessary to treat his diabetes.
 
 A. Surgical Removal of the Panniculus
 
 7
 Hernandez's request to have his excess abdominal skin surgically removed was referred to an "Outside Referral Committee" of the Arizona Department of Corrections. The Committee found that the significant risks posed by such surgery, including possible loss of life, greatly outweighed the purely cosmetic benefits. The Committee elected not to recommend the surgery which it determined was medically unnecessary and possibly detrimental to Hernandez.
 
 
 8
 Thus, the record indicates that there was merely a difference in judgment between Hernandez and prison officials regarding the appropriate treatment for Hernandez's skin condition. Such a difference of opinion, by itself, is insufficient to support Hernandez's deliberate indifference claim. See Franklin, 662 F.2d at 1344.
 
 
 9
 B. Delay in Treating Hernandez's Varicose Veins and Foot Condition
 
 
 10
 Hernandez was diagnosed as having varicose veins in his legs on October 14, 1988. A vascular surgeon examined Hernandez on November 2, 1988, and recommended surgery. After approval by the Outside Review Committee, surgery was scheduled for and performed in May 1989. On June 21, 1989, a follow-up exam was conducted and Hernandez was discharged from further care.
 
 
 11
 Hernandez was first examined and treated for foot pain on September 8, 1988. On October 8, 1988, Hernandez was again treated for foot pain. Hernandez was reexamined in November 1988 and additional medications were prescribed. In December 1988, Hernandez was given additional medication and was referred to Dr. Medlen, an orthopedic specialist in private practice. Hernandez failed to keep the first appointment with Dr. Medlen in January, 1989, but following a March 1989 examination by a prison doctor, Hernandez was examined by Dr. Medlen on April 29, 1989. On the recommendation of Dr. Medlen and after approval by the Outside Referral Committee, surgery was performed successfully on Hernandez's feet on November 2, 1989.
 
 
 12
 Our review of the record does not suggest that prison officials unreasonably delayed treatment of Hernandez's foot pain or the varicose veins in his legs. Moreover, there is no evidence that Hernandez was harmed by any delay in treatment. Thus, the record indicates that the timing of the treatment was a matter of medical judgment which is not actionable as a violation of the eighth amendment. See Franklin, 662 F.2d at 1344.
 
 
 13
 C. Treatment of Hernandez's Diabetic Condition
 
 
 14
 Upon entering prison, Hernandez was placed on a special diet to control his diabetes. He was given random tests to monitor his blood sugar level. These tests revealed a gradual decrease in his blood sugar levels, which according to prison doctors, are within acceptable ranges and indicate that the diabetes is under control and that Hernandez's diet is appropriate.
 
 
 15
 The administering of an appropriate diet to a prisoner with diabetes is a matter of medical judgment. Hernandez's claim that his prison diet is inadequate indicates a mere difference in judgment, which, as previously noted, does not support a claim of deliberate indifference. See id. at 1344.
 
 
 16
 Accordingly, we find that, viewing the evidence in the light most favorable to Hernandez, there exist no genuine issues of material fact, and the district court did not err in finding that prison officials are entitled to summary judgment.
 
 II
 
 17
 Denial of the Motion for Appointment of Counsel
 
 
 18
 Hernandez contends that the district court erred by denying his motion for appointment of counsel. This contention lacks merit.
 
 
 19
 A motion for appointment of counsel is within the broad discretion of the district court and is granted only in exceptional circumstances. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.1986). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.' " Id. (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir.1983)).
 
 
 20
 Given the circumstances, we find that the district court did not abuse its discretion by denying Hernandez's motion for appointment of counsel. See id. at 1331.
 
 
 21
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4. Accordingly, Hernandez's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3