945 F.2d 409
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Howard MARCUS, Plaintiff-Appellant,
v.
Donna CARLTON, Medical Assistant, Defendant-Appellee.
 No. 90-16362.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 4, 1991.*
Decided Oct. 8, 1991.
 
 Before HUG, WILLIAM A. NORRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Howard Marcus, a California state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action against the Alameda County Jail medical facility and Donna Carlton, a medical assistant at the facility pursuant to Fed.R.Civ.P. 12(b)(6). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Marcus contends that the district court erred by finding that he failed to state a claim under section 1983 by alleging that medical personnel misdiagnosed his illness, denied him access to a physician capable of diagnosing his condition, and denied him medical treatment for his reaction to prescribed insulin.
 
 
 4
 A dismissal for failure to state a claim pursuant to Rule 12(b)(6) is a ruling on a question of law which we review de novo. See Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990). Construing Marcus' pro se complaint liberally, we must determine whether it appears beyond doubt that Marcus can show no set of facts that support his claims. See Jones v. Johnson, 781 F.2d 769, 771 (9th Cir.1986).
 
 
 5
 As a pretrial detainee rather than a convicted prisoner, Marcus's section 1983 claim arises from the fourteenth amendment's due process clause and not from the eighth amendment's prohibition against cruel and unusual punishment. See Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979). The eighth amendment guarantees, however, "provide a minimum standard of care for determining [Marcus's] rights as a pretrial detainee, including his right to medical care." Jones, 781 F.2d at 771.
 
 
 6
 To state a section 1983 claim for a violation of a prisoner's eighth amendment rights due to inadequate medical care, the prisoner must allege facts evidencing a deliberate indifference to his serious medical needs. Wilson v. Seiter, 111 S.Ct. 2321, 2323 (1991); Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir.1986), cert. denied, 481 U.S. 1069 (1987). "Such indifference may be manifested in two ways. It may appear when prison officials deny, delay or intentionally interfere with medical treatment or it may be shown by the way in which physicians provide medical care." Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir.1988) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)). We have previously held that jail officials conduct towards a pretrial detainee must also amount to deliberate indifference before a section 1983 claim can be stated for a violation of the detainee's due process rights under the fourteenth amendment. Redman v. County of San Diego, No. 87-6139, slip op. at 11753 (9th Cir. August 26, 1991) (en banc).
 
 
 7
 The alleged indifference of the prison officials must rise to the level of "unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 104. Differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnosis or treatment are not enough to state a deliberate indifference claim. Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir.1981). Moreover, "[n]either 'an inadvertent failure to provide adequate medical care,' nor a physician's negligence 'in diagnosing or treating a medical condition ... state a valid claim of medical mistreatment under the Eighth Amendment.' " Anthony v. Dowdle, 853 F.2d 741, 743 (9th Cir.1988) (quoting Estelle, 429 U.S. at 105-06).
 
 
 8
 Conclusory allegations unsupported by facts are insufficient to state a claim under section 1983. Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir.1984). "The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim." Id. (internal quotation omitted).
 
 
 9
 Here, Marcus claims that while he was a pretrial detainee, he was misdiagnosed by jail medical personnel as being diabetic causing him to become emotionally upset, and that the insulin he was given to treat his perceived diabetes caused him to become seriously ill. Marcus appears to claim that jail medical personnel prescribed insulin knowing that he would have a "possibly fatal" reaction to it, and that the insulin caused him twice to go into a coma. Marcus also claims that he was denied access to a physician capable of properly diagnosing his illness, and that the treatment he received, consisting of aspirin and sleeping pills, was grossly inadequate and incompetent.
 
 
 10
 In response to Marcus's claims of a serious medical disorder, jail medical personnel gave him a blood test which erroneously indicated that Marcus had diabetes. Marcus was placed on a sugar-free diet, his glucose levels were monitored and he was given insulin. Upon discovering that they had misdiagnosed Marcus's condition, jail medical personnel stopped the insulin treatment and prescribed aspirin and sleeping pills.
 
 
 11
 Marcus alleges no facts indicating that the misdiagnosis was the result of deliberate indifference or anything more than negligence on the part of jail medical personnel. Marcus also alleges no facts indicating that jail medical personnel knew or should have known of any potential adverse reaction that Marcus might have to insulin. Finally, Marcus alleges no facts indicating that his claims of being denied access to a competent physician and of inadequate and incompetent treatment were anything more than a difference of opinion as to proper medical treatment. Accordingly, we find that the district court did not err by dismissing Marcus's action for failure to state a claim under section 1983. See Anthony, 853 F.2d at 743; Franklin, 662 F.2d at 1344.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3