953 F.2d 1387
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kenneth Lee KRAUSE, Petitioner-Appellant,
v.
Kathy FINCH, et al., Respondents-Appellees.
 No. 91-15774.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 28, 1992.*
Decided Jan. 31, 1992.
 
 Before WALLACE, Chief Judge, and SNEED and ALARCON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kenneth Lee Krause, a Nevada state prisoner, appeals pro se from the district court's dismissal pursuant to Fed.R.Civ.P. 12(b)(6) of his 42 U.S.C. § 1983 action challenging the medical care he received during successful treatment of a brain aneurysm. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the district court's dismissal for failure to state a claim. Noll v. Carlson, 809 F.2d 1446, 1447 (9th Cir.1987). Dismissal is appropriate only if the plaintiff "can prove no set of facts which would entitle him to relief." Gibson v. United States, 781 F.2d 1334, 1337 (9th Cir.1986), cert. denied, 479 U.S. 1054 (1987). The court must afford a pro se plaintiff notice of the deficiencies of the complaint and an opportunity to amend prior to dismissal unless it is absolutely clear that the deficiencies of the complaint cannot be cured. Noll, 809 F.2d at 1448.
 
 
 4
 The district court dismissed Krause's eighth amendment claim, holding that the defendants were acting in their official capacities and thus could not be sued for damages under Will v. Michigan Dep't of State Police, 109 S.Ct. 2304, 2311-12 (1989). Neither Will nor the eleventh amendment, however, bars actions for damages against officials in their individual capacities. See Hafer v. Melo, 112 S.Ct. 358, 362-65 (1991). Although Krause did not specify in his complaint that he was suing the defendants in their individual capacities, he sought damages for the alleged misconduct, which we construe as an action against the defendants in their individual capacities. See Price v. Akaka, 928 F.2d 824, 828-29 (9th Cir.1991).
 
 
 5
 Nevertheless, we affirm the district court's dismissal because Krause does not state an eighth amendment claim for the allegedly inadequate medical treatment.[1]
 
 
 6
 "In order to state a cognizable [eighth amendment] claim a prisoner must allege acts or omissions sufficiently harmful to evidence a deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The indifference to medical needs must be substantial; a constitutional violation is not established by negligence or "an inadvertent failure to provide adequate medical care." Id. at 105-06; see Anthony v. Dowdle, 853 F.2d 741, 743 (9th Cir.1988). Similarly, a difference in judgment between an inmate and medical personnel does not constitute cruel and unusual punishment. Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir.1981).
 
 
 7
 In his complaint, Krause alleged that after he underwent surgery to treat a brain aneurysm, a doctor prescribed Dilantin to prevent seizures. He further alleged that the prescribed dosage of 1200 milligrams per day was excessive, toxic, and dangerous. As a result, he allegedly suffered "swelling of the brain, severe vomiting, dehydration, dizziness, hallucinations, disorientation, memory loss, uncoordinated muscle movement, and near death."
 
 
 8
 At most, Krause alleges negligence, which does not state a claim under the eighth amendment. Anthony, 883 F.2d at 743. Because Krause cannot state a constitutional claim, the district court did not abuse its discretion by denying Krause's motion for a continuance to engage in discovery to identify the names of the doctor and pharmacist who were responsible for the alleged overdose. See Federal Sav. & Loan Ins. Corp. v. Molinaro, 889 F.2d 899, 903 (9th Cir.1989). Because Krause cannot state a federal claim, the district court also properly dismissed Krause's pendant state medical malpractice claim. See Cook, Perkiss & Liehe, Inc. v. Northern Cal. Collection Serv. Inc., 911 F.2d 242, 247 (9th Cir.1990).[2]
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Circuit R. 36-3
 
 
 [1]
 We may affirm on any basis fairly supported by the district court record. See Saulsbury Orchards & Almond Processing, Inc. v. Yeutter, 917 F.2d 1190, 1196 (9th Cir.1990)
 
 
 [2]
 The appellees argue that as professional doctors without custodial or supervisory authority over prisoners, they, like public defenders, do not act under color of state law and are not subject to suit under section 1983. A private medical doctor under contract with a state to provide medical services to inmates, however, is a state actor for purposes of section 1983. West v. Atkins, 487 U.S. 42, 54 (1988) (distinguishing Polk County v. Dodson, 454 U.S. 312 (1981)); Lopez v. Department of Health Servs., 939 F.2d 881, 883 (9th Cir.1991) (per curiam)