**David M. ANTHONY,**
**Plaintiff–Appellant,**

v.

**Earl DOWDLE; R. Allred; Frances Deck, Respondents–Appellees.**

No. 87–2472.

United States Court of Appeals,
Ninth Circuit.

Submitted March 14, 1988 *.

Decided Aug. 4, 1988.

Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Francisco Leon, Tucson, Ariz., for plaintiff-appellant.

John F. Kelly, Asst. Atty. Gen., State of Ariz., Tucson, Ariz., for respondents-appellees.

Before HALL, KOZINSKI and NOONAN, Circuit Judges.

CYNTHIA HOLCOMB HALL, Circuit Judge:

Plaintiff-appellant David M. Anthony, an inmate in custody of the Arizona Department of Corrections, appeals from the district court's order granting summary judgment in favor of the defendants-appellees, Arizona state prison officials. Anthony claims violations of his civil rights under 42 U.S.C. § 1983, asserting that the defendants exhibited "deliberate indifference to [his] serious medical needs" in violation of the eighth amendment proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976).

I

Anthony alleges that on December 12, 1982 he was working at the Alpine Conservation Center while in the custody of the Arizona Department of Corrections.[1] He claims that Frances Deck, a civilian employed by the Department of Corrections,[2] instructed him to free a trailer that was stuck. Anthony asserts that Deck told him to hook a chain from the back of a stationary bulldozer to the tongue of the trailer. The trailer moved forward, and Anthony was pinned between the tongue of the trailer and the bulldozer.

Anthony claims that he "immediately complained of severe pain in the chest and back area and left upper arm area, and was spitting up blood." He further alleges that he "was perspiring profusely and was suffering from delirium tremens, and immediately requested medical treatment." Anthony contends that defendants Richard Allred, the work program supervisor, and Earl Dowdle, the warden at Safford, "knew or should have known that [Anthony's] condition was a medical emergency with life threatening consequences" but refused Anthony medical treatment.

II

■ We review a district court's grant of summary judgment *de novo*. *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir.1986). "There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby*, 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986) (citations omitted).

To state a claim of cruel and unusual punishment, the alleged deliberate indifference of the prison officials must rise to the level of " 'unnecessary and wanton infliction of pain.' " *Estelle*, 429 U.S. at 104, 97 S.Ct. at 291 (quoting *Gregg v. Georgia*, 428

---

1. Anthony was an inmate at the state prison facility in Safford, Arizona.

2. Deck's actions are not before us. He was never served and did not participate in summary judgment.

U.S. 153, 173, 96 S.Ct. 2909, 2925, 49 L.Ed. 2d 859 (1976) (joint opinion)); *see Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir.1986) (deliberate indifference must be "substantial"). Neither "an inadvertent failure to provide adequate medical care," nor a physician's negligence "in diagnosing or treating a medical condition ... state a valid claim of medical mistreatment under the Eighth Amendment." *Estelle*, 429 U.S. at 105–06, 97 S.Ct. at 291–92.

In this case, Anthony's claim does not suggest deliberate indifference by the defendants. Anthony has not set forth specific facts showing that defendant Allred either denied his request for medical treatment or that Allred was aware of the seriousness of his injuries. Similarly, Anthony has not set forth specific facts showing that defendant Dowdle was aware of the seriousness of his injuries. Anthony may not rest upon the mere allegations of his complaint. Fed.R.Civ.P. 56(e).

Anthony's injuries were neither obvious to the defendants nor were any outward manifestations of the seriousness of his internal injuries noticed by the defendants. Anthony's assertions in his affidavit that the defendants immediately knew of the extent of his injuries from external indicia are directed solely at defendant Deck, whose actions are not before us. With regard to Allred and Dowdle, Anthony merely states that they "were in a position to see that I had been struck and pinned by the trailer to the back of the bulldozer. Both defendants Dowdle and Allred were aware that I had been hurt and was feeling very poorly and weak." These statements are unsupported by specific facts and are not made on the basis of personal knowledge. *Id.*

Further, Anthony did not continue to complain of pain to the defendants following the accident. In fact, Anthony did not become aware until August 1984 of any permanent injuries that resulted from the December 1982 accident. Finally, shortly after the accident, Dowdle inquired into Anthony's condition, told him to lie down, and stated that he would be permitted to see a Certified Medical Assistant ("CMA") two days after the accident upon returning to Safford. Anthony did so and asserts that the CMA, after consulting with him, denied his request for an x-ray and told him he was "just a little sore from the injury." [3]

Anthony may have made a sufficient showing to support a cause of action sounding in negligence; however, more is required to state a claim under the eighth amendment. We hold that Anthony has failed to show deliberate indifference by the defendants to his serious medical needs.

AFFIRMED.

NOONAN, Circuit Judge, dissenting:

Facts are in dispute in this case. The facts are material. If they prove true as alleged by the appellant, they would support a finding in his favor on the crucial question of whether the defendants acted with "deliberate indifference" toward his "serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). The material disputed facts are three:

1. Did the defendants know or should they have known of the potential seriousness of Anthony's injuries? The defendants, as the moving party, allege lack of knowledge on two grounds: Anthony's injuries were internal and not readily apparent. And Anthony himself did not know the full extent of his injury until 1984, one and a half years after the accident. Anthony, however, alleges that the defendants were aware of external indicia of internal damage of a potentially and ultimately serious nature: He had lost consciousness, vomited blood, experienced dizziness, and had to miss work for bed rest. He had also experienced and complained of chest pains, concomitant breathing problems and an inability to lift weight. Further, the defend-

---

**3.** Anthony's allegations concerning the care given to him by the CMA are also not before us.

The CMA is not a party to this suit.

ants knew that Anthony was injured when a bulldozer pinned him against a trailer. Internal injuries with few external symptoms and potentially severe complications like blood clots or hemorrhages are precisely the kind of injury that common sense expects and fears from such an accident.

2. Did the defendants make sufficient medical attention available to Anthony? The defendants allege that a medical assistant visited Anthony two days after the accident and prescribed bed rest. They also allege that Anthony would have received medical attention—presumably more attention—"if he had requested it." Anthony, on the other hand, contends that he requested hospital care immediately after the accident and that the medical assistant take x-rays. Disputed is whether he made these requests. Also disputed is whether more sophisticated diagnostic techniques or a doctor's examination were called for, given that external indicia of potentially serious internal complications were manifest.

According to Anthony, he was denied any medical care for two days after the accident. The care he ultimately received was insufficient. Appropriate diagnostic techniques or doctor's expertise were not employed. His medical needs were serious. Symptoms of potentially serious internal injuries were manifest. The indifference to his needs was deliberate. He had explicitly requested more, quicker, and better attention and complained of physical pain. If the disputed facts are as Anthony alleges, he will have shown deliberate indifference to his serious medical needs.

I would reverse.