952 F.2d 1399
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Marcus K. RANSOM, Plaintiff-Appellant,
v.
Chase RIVELAND, Defendant-Appellee.
 No. 91-35254.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 9, 1992.*
Decided Jan. 15, 1992.
 
 Before WALLACE, Chief Judge, and SNEED and ALARCON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Marcus K. Ransom, a Washington state prisoner, appeals pro se from the district court's summary judgment in favor of a prison medical doctor in his 42 U.S.C. § 1983 action challenging the medical care he received for degenerative hip disease. We have jurisdiction under 28 U.S.C. § 1291, and we review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990). We affirm.
 
 
 3
 A prisoner can establish an eighth amendment violation of his right to adequate medical care if he shows a deliberate indifference to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976). The indifference to medical needs must be substantial; inadequate treatment due to negligence or inadvertence or differences in judgment between an inmate and medical personnel do not constitute cruel and unusual punishment. Id. at 106; Anthony v. Dowdle, 853 F.2d 741, 743 (9th Cir.1988); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir.1981).
 
 
 4
 Ransom suffered from hip pain resulting from a preexisting hip condition. In August 1987, he consulted a prison physician, Dr. Villaflor, for his pain. Dr. Villaflor prescribed medicine for the pain and referred him to an orthopedic specialist and an orthotist. In September 1987, Ransom met with the specialist, who diagnosed degenerative joint disease, stated that total hip replacement eventually would be necessary, and advised weight loss to ease the pain and to increase the chances of successful surgery.
 
 
 5
 In January 1988, Ransom returned to Dr. Villaflor and complained of continued hip pain. He requested an extra mattress to cushion his hip and help him sleep, a vegetarian diet for weight loss, and special cushioned shoes because his feet hurt when he walked. Dr. Villaflor prescribed medication to ease the pain, offered an extra pillow to cushion Ransom's hip instead of the extra mattress, and offered to exchange the mattress if it was worn out. Ransom also had been placed on a 1500 calorie a day diet to help him reduce his weight, and Dr. Villaflor determined that a vegetarian diet was not medically necessary. Ransom does not have any allergies to meat or religious restrictions on eating meat. Finally, Dr. Villaflor examined Ransom's feet, found slightly fallen arches, determined that special shoes were not medically necessary, and provided him insoles.
 
 
 6
 Ransom alleges that Dr. Villaflor acted with deliberate indifference to his serious medical needs by failing to provide him with the specific medical treatment he requested: an extra mattress, a vegetarian diet, and special shoes. Nevertheless, Dr. Villaflor responded to Ransom's complaints and prescribed treatment. Ransom's claims amount only to a difference of opinion as to the appropriate medical treatment and do not rise to the level of a constitutional violation. Estelle, 429 U.S. at 106; Franklin, 662 F.2d at 1344. The district court properly granted summary judgment in favor of Dr. Villaflor.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3