967 F.2d 588
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Loren R. LUSERO, Plaintiff-Appellant,
v.
James ROWLAND, Director, California State Department of
Corrections, Defendant-Appellee.
 No. 91-16122.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 23, 1992.*
Decided June 26, 1992.
 
 Before FLETCHER, LEAVY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Loren R. Lusero appeals pro se the district court's order dismissing his 42 U.S.C. § 1983 action against California state prison officials.[1] We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Although Lusero raised several claims in the district court, the only claim he raises on appeal is his claim that prison medical personnel failed to diagnose him before prescribing antibiotics for a venereal disease.[2] Lusero claims that he was denied medical treatment by a doctor, and complains that his treatment by antibiotics was interrupted when the pharmacy ran out of his medication. He claims that the medication upset his stomach, and was unwarranted, because he later tested negative for venereal diseases.
 
 
 4
 The eighth amendment proscription against cruel and unusual punishment prohibits prison officials from deliberately ignoring a prisoner's serious medical needs. See Estelle v. Gamble, 429 U.S. 104, 107 (1976). In meeting this burden the plaintiff must show that the alleged misconduct constituted unnecessary and wanton infliction of pain. See Anthony v. Dowdle, 853 F.2d 741, 742 (9th Cir.1988) (quotations and citations omitted). Mere indifference, medical malpractice or negligence will not support a cause of action under the eighth amendment. Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir.1980).
 
 
 5
 The record shows that Lusero was scheduled for an appointment with a doctor on August 30, 1990, two weeks after he was seen by a medical assistant. Nevertheless, Lusero was prescribed antibiotics one day after he complained to a medical assistant of discharges from his penis. Although Lusero claims that his tests for venereal disease were later determined to be negative, this does not necessarily mean that his treatment was negligent. Moreover, even assuming negligence or malpractice by the defendants, such conduct does not support a cause of action under the eighth amendment. See Broughton, 622 F.2d at 460. Finally, the interruption in Lusero's medication due to a shortage of antibiotics in the pharmacy, or Lusero's upset stomachs as a result of taking the antibiotics, do not rise to a level of deliberate indifference. See Anthony, 853 F.2d at 742.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Lusero's notice of appeal filed July 22, 1991 was premature because the district court's non-final order of June 17, 1991 granted Lusero until August 9, 1991 to amend his complaint. The order further specified that if Lusero failed to file an amended complaint, the action would be dismissed without further leave to amend. Because Lusero never filed an amended complaint, the action became final and appealable on August 9, 1991. See Lynch v. City of Alhambra, 880 F.2d 1122, 1124 (9th Cir.1989) (plaintiff's failure to cure deficiency in complaint within period provided by district court converted dismissal to final appealable order of dismissal with prejudice). The final disposition of the action of August 9, 1991 cured the earlier premature appeal. See in re Eastport Assoc., 935 F.2d 1071, 1075 (9th Cir.1991) (entry of final judgment cures premature appeal). Accordingly, we have jurisdiction to consider Lusero's appeal
 
 
 [2]
 The claims Lusero failed to raise in his appellate brief are waived. See Wilcox v. Commissioner, 848 F.2d 1007, 1008 n. 1 (9th Cir.1988) (arguments not addressed in pro se brief are deemed abandoned)