967 F.2d 590
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jerardo RODRIGUEZ, Plaintiff-Appellant,
v.
Larry KINCHELOE, Defendant-Appellee.
 No. 91-35426.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 23, 1992.*
Decided June 26, 1992.
 
 Before FLETCHER, LEAVY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jerardo Rodriguez appeals pro se from the district court's summary judgment in favor of the defendants, Washington state prison officials, in his 42 U.S.C. § 1983 action. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990), and we affirm.
 
 
 3
 Summary judgment is appropriate if the evidence "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).
 
 
 4
 The party moving for summary judgment "bears the initial responsibility for informing the district court of the basis for its motion...." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "[T]he burden on the moving party may be discharged by 'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case." Id. at 325.
 
 
 5
 In cases where the nonmoving party bears the burden of proof at trial with respect to a material fact, the party opposing the motion is required "to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " Id. at 324 (quoting Fed.R.Civ.P. 56(e)). "To show existence of a 'genuine' issue, appellant[ ] must present some evidence establishing each element of [his] claims on which [he] would bear the burden of proof at trial. [citation omitted] [He] must produce at least some significant probative evidence tending to support the complaint." Smolen v. Deloitte, Haskins & Sells, 921 F.2d 959, 963 (9th Cir.1990) (quotations omitted). Conclusory allegations unsupported by factual data are insufficient to defeat a summary judgment motion. Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989).
 
 
 6
 Rodriguez contends that female correctional officers have the opportunity to view inmates in various stages of nudity while inmates shower, use the toilet, or during a strip search, in violation of his fourth and fourteenth amendment rights.
 
 
 7
 Incarcerated prisoners retain a limited right to bodily privacy under the fourth and fourteenth amendments. Michenfelder v. Sumner, 860 F.2d 328, 333 (9th Cir.1988). If the regulations complained of are reasonably related to legitimate penological interests, they will be upheld. Turner v. Safley, 482 U.S. 78, 89 (1987).
 
 
 8
 In support of their motion for summary judgment, the defendants submitted official Department of Corrections ("DOC") Policies and sworn affidavits establishing that female officers did not regularly or continuously observe unclothed inmates, although all corrections officers conduct periodic tier checks which might reveal male inmates in various stages of undress. DOC policy prohibits female correctional officers from conducting strip searches on male inmates except in emergency situations. No female correctional officers are assigned to work in any area where strip searches are a regular part of the officers' daily duties.
 
 
 9
 From this evidence, the district court properly concluded that brief and causal observations of nude inmates were a necessary part of a correctional officer's duties essential to maintain prison security. We hold that these prison regulations, which provide for the placement of female prison personnel in male inmate facilities do not infringe upon Rodriguez's constitutional rights because they are reasonably related to legitimate penological interests. Turner, 482 U.S. at 89; Michenfelder, 860 F.2d at 331.
 
 
 10
 Rodriguez also contends that the confiscation of his ace wrap bandage by the defendants amounted to deliberate indifference of his serious medical needs, in violation of his eighth amendment right to be free from cruel and unusual punishment. We disagree.
 
 
 11
 The eighth amendment proscription against cruel and unusual punishment prohibits prison officials from deliberately ignoring a prisoner's serious medical needs. See Estelle v. Gamble, 429 U.S. 104, 107 (1976). In meeting this burden, the plaintiff must show that the alleged misconduct constituted unnecessary and wanton infliction of pain. See Anthony v. Dowdle, 853 F.2d 741, 742 (9th Cir.1988) (quotations and citations omitted). Mere indifference, medical malpractice or negligence will not support a cause of action under the eighth amendment.
 
 
 12
 Before the wrap was confiscated, Rodriguez was instructed to update his health status report authorizing his use of the ace wrap. That same day, or the day after, the bandage was confiscated.[1] The bandage was returned within three days. The defendants have filed affidavits by prison medical personnel which assert that Rodriguez had a chronic condition resulting in inflammation and discomfort behind the knee cap. The condition, however, was not diagnosed as serious. It was the doctor's opinion that Mr. Rodriguez's knee was stable and not likely to give way, and that he could go for several days or months without using the bandage. The doctor further noted that Rodriguez continued to lift heavy weights and to play basketball. Rodriguez has offered no evidence that his knee condition was serious, or that prison officials were deliberately indifferent to his medical needs. Accordingly, Rodriguez's eighth amendment claim fails. See Estelle, 429 U.S. at 107; Anthony, 853 F.2d at 742.
 
 
 13
 Finally, Rodriguez contends that prison officials retaliated against him for filing various grievances by confiscating his ace wrap, and then refusing to investigate his claim regarding the confiscation of the ace wrap. By retaliating against an inmate for pursuing his legal actions, prison officials interfere with that inmate's access to the courts. Valandingham v. Bojorquez, 866 F.2d 1153, 1138 (9th Cir.1989); Navarette v. Enomoto, 536 F.2d 277, 280 (9th Cir.1976), reversed on other grounds, 434 U.S. 555 (1978). Bare allegations of retaliation, however, will not avoid summary judgment. See Rizzo v. Dawson, 778 F.2d 527, 532 n. 4 (9th Cir.1985). The record shows that Rodriguez filed an inmate grievance complaining about the confiscation of his ace wrap bandage, and the fact that he received an infraction in connection with the incident. The grievance was reviewed and discussed with Rodriguez. However, the conduct he complained of was not found to be actionable under the grievance policy. The written responses by the grievance coordinator explained that the grievance manual prohibits the filing of a grievance against a staff person for issuing an infraction, and indicated that an appeals process was available for challenging the infraction. Rodriguez's bare allegations that prison officials retaliated against him cannot withstand a motion for summary judgment. See Rizzo, 778 F.2d at 532 n. 4; List, 880 F.2d at 1044. Accordingly, the district court did not err in granting summary judgment in favor of the defendants. List, 880 F.2d at 1044.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Rodriguez's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Rodriguez contends that defendant Deal confiscated the wrap after giving him only four or five hours warning to update his health status report. The defendants have filed various affidavits asserting that the bandage was confiscated the next day. Rodriguez believes that the time frame was relevant, because under the facts as he tells them, he had no time to update his status report, and he argues that officer Deal knew this. Because under either scenario the facts do not give rise to an eighth amendment violation, we do not find that this dispute raises a genuine issue for trial