974 F.2d 1342
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael Henry FERDIK, Plaintiff-Appellant,
v.
SPECIAL PROGRAMS UNIT, et al., Defendants-Appellees.
 No. 91-16777.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 24, 1992.*
Decided Aug. 31, 1992.
 
 Before BRUNETTI, RYMER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael H. Ferdik, an Arizona state prisoner, appeals pro se the district court's summary judgment in favor of the defendants, various state agencies and prison officials in Ferdik's 42 U.S.C. § 1983 civil rights action. Ferdik contends that prison officials failed to adequately treat him for a life endangering illness. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990), and we affirm.
 
 
 3
 Ferdik contends that he has not been properly treated for viral pneumococcus. Specifically, Ferdik contends that he had a pre-existing condition of pneumonia and bronchitis upon entering the Arizona State Prison System, and that he was denied proper medical treatment for recurring pneumonia.
 
 
 4
 This court previously reversed and remanded the district court's sua sponte dismissal as frivolous of Ferdik's action for further proceedings on his claim of inadequate medical treatment for a serious illness. See Ferdik v. Special Programs Unit, No. 89-15533, unpublished memorandum disposition, (9th Cir. April 8, 1991).
 
 
 5
 The eighth amendment proscription against cruel and unusual punishment prohibits prison officials from deliberately ignoring a prisoner's serious medical needs. See Estelle v. Gamble, 429 U.S. 104, 107 (1976). In meeting this burden, the plaintiff must show that the alleged misconduct constituted unnecessary and wanton infliction of pain. See Anthony v. Dowdle, 853 F.2d 741, 742 (9th Cir.1988) (quotations and citations omitted). Mere indifference, medical malpractice, or negligence will not support a cause of action. Broughton v. Cutter Lab, 622 F.2d 458, 460 (9th Cir.1980).
 
 
 6
 Summary judgment is appropriate if the evidence "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).
 
 
 7
 The party moving for summary judgment "bears the initial responsibility for informing the district court of the basis for its motion...." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "[T]he burden on the moving party may be discharged by 'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case." Id. at 325.
 
 
 8
 In cases where the nonmoving party bears the burden of proof at trial with respect to a material fact, the party opposing the motion is required "to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " Id. at 324 (quoting Fed.R.Civ.P. 56(e)). "To show existence of a 'genuine' issue, appellant [ ] must present some evidence establishing each element of [his] claims on which [he] would bear the burden of proof at trial. [citation omitted] [He] must produce at least some significant probative evidence tending to support the complaint." Smolen v. Deloitte, Haskins & Sells, 921 F.2d 959, 963 (9th Cir.1990) (quotations omitted).
 
 
 9
 The district court reviewed the pleadings, motions and exhibits filed and concluded that Ferdik's claim is without a factual basis in the record. The evidence on file indicates that Ferdik was seen on numerous occasions by medical personnel, but was never diagnosed with pneumonia or a pneumococcus infection. The record indicates that Ferdik was diagnosed with bronchitis and prescribed antibiotics for the condition, but Ferdik refused this medication on various occasions.
 
 
 10
 There is no evidence in the record, other than Ferdik's own assertions, that he in fact had pneumonia. Ferdik cannot rest on the allegations in his pleadings to overcome a motion for summary judgment. See Ghebreselassie v. Coleman Sec. Serv., 829 F.2d 892, 898 (9th Cir.1987), cert. denied, 487 U.S. 1234 (1988); Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989) (conclusory allegations unsupported by factual data are insufficient to defeat a summary judgment motion).
 
 
 11
 Ferdik failed to offer significant probative evidence of specific facts to be resolved at trial. See Celotex, 477 U.S. at 324. Accordingly, the district court was correct in finding that the defendants were entitled to summary judgment. See Smolen, 921 F.2d at 963.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3