70 F.3d 117
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Abdul-Shaheed MUSLIM, Plaintiff-Appellant,
v.
Frank COSTELLO and Danny Brown, Defendants-Appellees.
 No. 94-2726.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 9, 1995.*
Decided Nov. 13, 1995.
 
 Before CUMMINGS, Circuit Judge, KANNE, Circuit Judge, and ROVNER, Circuit Judge.
 
 ORDER
 
 1
 Abdul-Shaheed Muslim, an inmate at the Indiana State Prison in Michigan City, Indiana, brought this civil rights action pursuant to 42 U.S.C. Sec. 1983 against various officials of the state prison.[1] Muslim alleges that the defendants delayed medical treatment for an injury to his right hand in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. The district court granted summary judgment in favor of the defendants. Muslim appeals this decision. We affirm.
 
 
 2
 A district court's decision to grant or deny a motion for summary judgment is reviewed de novo. CSX Transportation Inc. v. Chicago & North Western Transportation Company, 62 F.3d 185, 188 (7th Cir.1995). In deciding whether summary judgment is appropriate, we view all evidence, and any reasonable inferences that may be drawn from the evidence, in the light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Cuddington v. Northern Indiana Public Serv. Co., 33 F.3d 813 (7th Cir.1994). We will affirm if the record reveals that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
 
 
 3
 To prevail on his Eighth Amendment claim, Muslim must show that prison officials were deliberately indifferent to his health. Estelle v. Gamble, 429 U.S. 97 (1976). The mental state required for one to be deliberately indifferent is akin to criminal recklessness. Farmer v. Brennan, 114 S.Ct. 1970 (1994); Johnson v. Phelan, No. 93-3753, slip op. at 9, (7th Cir. Oct. 24, 1995). For example, "[t]he guard or warden must want to injure the prisoner or must know of and disregard a substantial risk that harm will befall the prisoner." Johnson, No. 93-3753, slip op. at 9. Therefore, a prison official must have this requisite state of mind before his action, or inaction, amounts to a constitutional deprivation.
 
 
 4
 On the morning of May 27, 1991, after playing basketball, Muslim complained to Sgt. Brown, a prison guard, of soreness in his right hand. Later that afternoon, a prison nurse examined Muslim's hand. The nurse referred Muslim to the on-duty physician who immediately examined Muslim. The physician recommended that Muslim be taken to Memorial Hospital's emergency room for x-rays. The hospital x-rayed Muslim's hand, applied a temporary splint and ace bandage, and placed Muslim's arm in a sling. Muslim returned to the prison that evening with instructions to see an orthopedist within a week, take Motrin for pain, and follow up with the prison doctor the next day.
 
 
 5
 The next morning, the hospital informed the prison that Muslim suffered a fracture of the third metacarpal bone in his right hand. Later that morning, Muslim was seen by a prison doctor who scheduled an appointment with an orthopedist. On May 31, 1991, Muslim met with an orthopedist who put a cast on Muslim's right hand. Muslim was thereafter seen by prison infirmary staff on five separate occasions between the date his cast was applied and the date his cast was removed, July 15, 1991. Muslim partook in therapy of his right hand. Follow-up visits indicated continued healing and satisfactory alignment.
 
 
 6
 Essentially, Muslim's claim rests on his assertion that the delay in treatment to his hand amounted to deliberate indifference. First, Muslim claims Brown failed to refer him immediately for medical attention and the delay in seeing prison medical personnel amounted to a constitutional violation. It did not. The record does not describe the condition of Muslim's hand at the time Brown looked at it. However, we have a description from the nurse who first treated Muslim approximately eight hours after the injury. She described the hand as swollen and discolored. Before one can be found to be deliberately indifferent an injury must be obvious to the defendant. Anthony v. Dowdle, 853 F.2d 741 (9th Cir.1988). Muslim stated in his affidavit that "Sgt. Danny Brown, failed to respond to injury by seeking medical attention." Muslim has not alleged that it was obvious that his injury needed immediate medical attention or that Brown denied any request for medical treatment. Without more, we cannot say that Brown's behavior amounts to deliberate indifference. Deliberate indifference is evidenced by a defendant's actual intent, or reckless disregard. Johnson, No. 93-3753, slip op. at 9. Reckless disregard, in turn, is characterized by highly unreasonable conduct or a gross departure from ordinary care in a situation in which a high degree of danger is readily apparent. Benson v. Cady, 761 F.2d 335, 339-340 (7th Cir.1985). The delay in this case certainly does not amount to the type of deliberate indifference prohibited by the Eighth Amendment.
 
 
 7
 Second, Muslim claims that the delay in casting his hand amounted to deliberate indifference. Costello was not responsible for any delay. Muslim concedes as much and states in his reply brief that he wishes to "drop" Costello from the suit. (Reply Brief at 9.)
 
 
 8
 Finally, Muslim argues that the district court committed error by ruling on defendant's motion for summary judgment without allowing discovery. Muslim twice asked the district court "for an order staying the proceedings" on summary judgment pending completion of discovery.[2] However, Muslim's motions never requested discovery materials. In fact, the motion for summary judgment filed by the defendants contained copies of all of the relevant portions of Muslim's medical records. The district court did not err in proceeding to rule on defendant's motion for summary judgment.
 
 
 9
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 The defendants are Frank Costello, the Hospital Administrator at the Indiana State Prison, Danny Brown, a correctional officer at the prison, and an unidentified doctor and several unidentified correctional officers at the prison. The "Doe" defendants were never identified or served in the district court and therefore are not parties to the appeal
 
 
 [2]
 Muslim's motions were entitled Motion to Stay Proceedings, filed on February 7, 1994, and May 23, 1994. Upon consideration of Muslim's first request for more time, the district court granted a five month extension. Muslim filed his response to defendant's summary judgment motion before receiving a ruling on his second request for an extension of time, thereby mooting his second motion