87 F.3d 1320
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mike KELLEY, Plaintiff-Appellant,
v.
H. LUTZ; Percy Howard, Director of Medical Services; Dr.
Wilbert; Sarah Carmen; Toby Underwood; Dr.
McCullough; Dr. Stapler, Defendants-Appellees.
 No. 95-16003.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1996.*
Decided June 19, 1996.
 
 Before: CANBY, NOONAN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mike Kelley, an Arizona state prisoner, appeals pro se the district court's summary judgment in favor of prison medical staff in his 42 U.S.C. § 1983 action alleging that prison medical staff were deliberately indifferent to his severe headaches in violation of the Eighth Amendment. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the district court's grant of summary judgment. See McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992). A party opposing summary judgment "may not rest upon the mere allegations ... but the adverse party's response ... must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); see Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986).
 
 
 4
 The Eighth Amendment proscribes deliberate indifference to the serious medical needs of prisoners which constitutes the " 'unnecessary and wanton infliction of pain.' " Estelle v. Gamble, 429 U.S. 97, 104 (1976) (quoting Gregg v. Georgia, 428 U.S. 153, 173 (1976)); accord Anthony v. Dowdle, 853 F.2d 741, 742-43 (9th Cir.1988). A difference of opinion between a prisoner-patient and prison medical authorities regarding proper medical treatment does not give rise to a section 1983 claim. Franklin v. Oregon, State Welfare Div., 662 F.2d 1337, 1344 (9th Cir.1981). Delay in treating a medical condition does not constitute an Eighth Amendment violation unless the delay was harmful. See McGuckin, 974 F.2d at 1060.
 
 
 5
 Kelley suffers from headaches which he alleges stem from an accident where his head was caught in a cell door. He contends defendants have been deliberately indifferent to his serious medical needs by failing to recognize the accident as the cause of his headaches and by not taking the proper steps to diagnose or treat his condition. Specifically, he contends that defendants denied his request for a cat scan, failed to conduct a physical examination, misdiagnosed his problem as psychological, and failed to provide him with medication for over two months. He also contends that his current treatment, entailing nerve-blocks, is not stopping his pain.
 
 
 6
 Defendants' evidence submitted in support of summary judgment shows that Kelley has twice been examined through x-ray procedures which have failed to indicate any damage or abnormality. The defendants' evidence also shows that several specialists, including a neurologist and a psychiatrist, have treated him and prescribed a series of medications which have had limited success in alleviating his headaches. Kelley does not specifically controvert this evidence.
 
 
 7
 Although the evidence does show that defendants have not managed to alleviate Kelley's headaches, it does not show that defendants have subjected Kelley to the unnecessary and wanton infliction of pain. Kelley has thus, failed to state a claim of deliberate indifference to his medical needs under the Eighth Amendment. See Estelle, 429 U.S. at 106; Anthony, 853 F.2d at 742-43. Furthermore, Kelley's contentions that he should have received different medical treatment and that he was misdiagnosed fail to state a constitutional claim under section 1983. See Franklin, 662 F.2d at 1344. Kelley's unsupported allegation that his medication was delayed fails because he has not established the delay was harmful. See McGuckin, 974 F.2d at 1060; see also Fed.R.Civ.P. 56(e); Anderson, 477 U.S. at 248.
 
 
 8
 Kelley also contends that the district court erred by granting summary judgment because the exhibits submitted by the defendants in support of summary judgment contained lies and misrepresentations. Specifically, Kelley contends that contrary to the medical records submitted by the defendants, which report that Kelley has had headaches since he was six years old, he has not had severe headaches until after the accident with the cell door. He also contends that contrary to the medical records, he did not complain of "tension" headaches and did not request a change of medication to Motrin. Even if all of Kelley's contentions are true, he fails to establish that the defendants were deliberately indifferent to his serious medical needs. See Estelle, 429 U.S. at 106; Anthony, 853 F.2d at 742-43.
 
 
 9
 Accordingly, the district court did not err by granting summary judgment for the defendants.[1]
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We decline to consider Kelley's contention that the records clerk hid part of his medical records because his contention is raised for the first time on appeal. See Bolker v. Commissioner, 760 F.2d 1039, 1042 (9th Cir.1985). Kelley's contentions that the defendant's motion for summary judgment should have been supported by affidavits and that the defendants failed to properly respond to his opposition to their motion for summary judgment lacks merit. See Fed.R.Civ.P. 56(b)-(c). To the extent Kelley contends that the district court abused its discretion by granting summary judgment before discovery was completed, his claim lacks merit. See Fed.R.Civ.P. 56(f); Barona Group of the Capitan Grande Band of Mission Indians v. American Management & Amusement, Inc., 840 F.2d 1394, 1400 (9th Cir.1987), cert. dismissed, 487 U.S. 1247 (1988) (finding district court did not abuse its discretion where party opposing summary judgment did not file a Rule 56(f) motion stating what additional information remained to be discovered and how it would preclude summary judgment)
 
 
 [2]
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal