97 F.3d 1458
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ronald Dale BIRDWELL, Plaintiff-Appellant,
v.
James H. GOMEZ; William Bunnell; T. White, Warden; R.R.
Johnson, Defendants-Appellees.
 No. 95-16849.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 23, 1996.*
Decided Sept. 26, 1996.
 
 Before: FLETCHER, BRUNETTI, and JOHN T. NOONAN, Jr., Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ronald Dale Birdwell, a California state prisoner, appeals pro se the district court's summary judgment in favor of defendants in his 42 U.S.C. § 1983 action alleging that prison medical staff were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the district court's grant of summary judgment. See McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992). A party opposing summary judgment "may not rest upon mere allegations ... but ... must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); see Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986).
 
 
 4
 Birdwell contends that defendants exhibited deliberate indifference to his serious medical needs by failing to provide proper medical treatment for his back problems and thumb injury.
 
 
 5
 The Eighth Amendment proscribes deliberate indifference to the serious medical needs of prisoners which constitutes the " 'unnecessary and wanton infliction of pain.' " Estelle v. Gamble, 429 U.S. 97, 104 (1976), cert. denied, 434 U.S. 974 (1977) (quoting Gregg v. Georgia, 428 U.S. 153, 173 (1976)); accord Anthony v. Dowdle, 853 F.2d 741, 742-43 (9th Cir.1988).
 
 
 6
 Although the evidence Birdwell submitted in opposition to defendant's motion for summary judgment established serious medical conditions, both his and the defendant's evidence showed attention to his problems and conservative treatment. When surgery was indicated, although not made immediately available, it was recommended and scheduled. The evidence of the treatment received did not amount to deliberate indifference. See Estelle, 429 U.S. at 106; Franklin v. Oregon, State Welfare Div., 662 F.2d 1337, 1344 (9th Cir.1981). Because Birdwell failed to create a triable issue of fact that defendants either purposefully ignored or failed to respond to his serious medical needs, the district court did not err by granting summary judgment in favor of defendants. See McGuckin, 974 F.2d at 1060; Franklin, 662 F.2d at 1344.
 
 
 7
 Birdwell also contends that the district court erred because the prison officials improperly introduced inadmissable evidence.
 
 
 8
 Because Dr. Hazen's declaration would be admissible as the testimony of an expert witness, Fed.R.Evid. 702, the district court did not err by considering it at the summary judgment stage. See Fed.R.Civ.P. 56(e). Because the medical records attached to Dr. Hazen's declaration would be admissible in light of Marilyn Ouye's declaration which certifies and affirms that the copies of the medical records are true and correct copies and because the records are public records or reports the district court did not err. See Fed.R.Evid. 901(7); Fed.R.Civ.P. 56(e).[1]
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 This court declines to consider documents that were not part of the district court record. See Fed.R.App.P. 10(a); Kirshner v. Uniden Corp. of Am., 842 F.2d 1074, 1077 (9th Cir.1988). Accordingly, we grant the appellees' motion to strike insofar as it applies to documents which were not part of the district court record
 
 
 [2]
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal