112 F.3d 516
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Wondiyrad KABEDE, Plaintiff-Appellant,
v.
CALIFORNIA MEDICAL FACILITY-VACAVILLE, MAIN; Degrace, Lt;
Rowllette, Sgt.; Pulsipher, Sgt.; Dyszkewicz, Officer;
Paine, Officer; Hankins, Program Administrator; Rains,
Assistant Warden; L. Church, Counselor; Forte, Unit
Officer; Dieball, Chief Deputy Warden; D. Bruse, Program
Administrator; Houston, Program Administrator; J. Carlson,
PA; A. Kane, PA; Cruz, Acting Lieutenant; David Guard,
Dr., CMO; D Gasaway, CCI; F. Peterson, Acting CCII,
Defendants-Appellees.
 No. 96-15735.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 21, 1997.*
Decided April 23, 1997.
 
 Before: BROWNING, THOMPSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Wondiyrad Kabede, a California state prisoner, appeals pro se the district court's summary judgment for defendant prison officials in Kabede' § 42 U.S.C. § 1983 action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court's grant of summary judgment, see Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996), and we affirm.
 
 
 3
 Kabede contends that the district court erred by granting summary judgment for defendants on his claim that defendants violated his constitutional rights by transferring him from California Medical Facility ("CMF") to Pelican Bay State Prison ("PBSP") resulting in inadequate medical care. We disagree.
 
 
 4
 Kabede suffers from heart disease, high blood pressure, bleeding ulcers, a neurological disease, and psychological problems. Kabede alleged that prison officials transferred him from CMF to PBSP so he would die due to a lack of medical care or by being assaulted by other inmates.[1]
 
 
 5
 To the extent that Kabede contends that his transfer to PBSP was in retaliation for his filing of prisoner grievances, he has failed to show that his transfer did not "advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.1985). Kabede had no medical condition requiring him to remain at CMF; any treatment he needed could be provided through the medical facilities at a non-medical prison such as PBSP.
 
 
 6
 Kabede failed to raise any genuine issues of material fact, see Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989), concerning whether prison officials were deliberately indifferent to his serious medical needs, constituting unnecessary and wanton infliction of pain, see Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992); Anthony v. Dowdle, 853 F.2d 741, 742-43 (9th Cir.1988). Neglect of Kabede's health would be a constitutional violation only if defendants "[knew] of and disregard[ed] an excessive risk to [Kabede's] health or safety." Farmer v. Brennan, 114 S.Ct. 1970, 1979 (1994).
 
 
 7
 Our review of the record discloses that prison medical staff responded promptly and professionally to Kabede's numerous requests and concerns. Kabede has failed to show that any alleged inadequate treatment on the part of defendants rises to the level required for a constitutional violation. See McGuckin, 974 F.2d at 1059. At most, by alleging he was prescribed inappropriate medications, Kabede has raised a difference of medical opinion regarding his treatment. See Franklin v. Oregon, State Welfare Div., 662 F.2d 1337, 1344 (9th Cir.1981) (holding that a difference of medical opinion between a prisoner-patient and a prison doctor does not constitute deliberate indifference or give rise to a section 1983 claim). Accordingly, the district court did not err by granting summary judgment for defendants. See Taylor, 880 F.2d at 1044-45.
 
 
 8
 All pending motions are denied.
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Kabede's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Kabede's claim that prison officials implanted radioactive electrodes in his body, in order to make him homosexual, drive him crazy, or have him killed, is clearly baseless and factually frivolous. See Denton v. Hernandez, 504 U.S. 25, 32-33 (1992)
 
 
 [2]
 Because of the disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal