116 F.3d 1488
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James Vincent ZANKICH, Plaintiff-Appellant,
v.
W.H. GOY, MD, individually and in his official capacity as
Radiologist at Maricopa Medical Center, Defendant-Appellee.
 No. 96-16794.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1997**
Decided June 19, 1997.
 
 Appeal from the United States District Court for the District of Arizona, No. CV-95-0194-ROS/MS; Roslyn O. Silver, District Judge, Presiding.
 Before: GOODWIN, SCHROEDER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 James Vincent Zankich, an Arizona state prisoner, appeals pro se the district court's summary judgment for defendant W.H. Goy, M.D., in Zankich' § 42 U.S.C. § 1983 action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court's grant of summary judgment, see Barnett v. Centoni, 31 F.3d 813, 815 (9th Cir.1994) (per curiam), and we affirm.
 
 
 3
 Zankich contends that the district court erred by granting summary judgment for defendant Dr. Goy on his claim that Dr. Goy violated his constitutional rights through inadequate medical care amounting to deliberate indifference to his serious medical needs. This contention lacks merit.
 
 
 4
 Zankich alleged that when Dr. Goy diagnosed atelectasis of the lower left lobe of Zankich's lung, Goy failed to divulge this to Zankich, Zankich's oncologist, or prison medical officials. Zankich further alleged that Goy's failure to divulge this diagnosis, or provide appropriate treatment, placed his life in jeopardy. Atelectasis is an airless state or portion of the lung, which often becomes infected. When Dr. Goy diagnosed Zankich's atelectasis, because it was not a life-threatening condition or acute emergency, he noted the diagnosis in Zankich's medical records ("Minimal atelectasis or fibrotic changes are seen in the lower left lobe.").
 
 
 5
 Zankich failed to raise any genuine issues of material fact, see Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989), concerning whether Dr. Goy was deliberately indifferent to his serious medical needs, constituting unnecessary and wanton infliction of pain, see Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir.1997) (en banc); Anthony v. Dowdle, 853 F.2d 741, 742-43 (9th Cir.1988). Neglect of Zankich's health would be a constitutional violation only if Dr. Goy "[knew] of and disregard[ed] an excessive risk to [Zankich's] health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Any alleged inadequacy on the part of Dr. Goy failed to rise to the level required for a constitutional violation. See McGuckin, 974 F.2d at 1059. At most, Zankich's expectation that he or his oncologist be notified of this development raises only a difference of medical opinion regarding his treatment. See Franklin v. Oregon, State Welfare Div., 662 F.2d 1337, 1344 (9th Cir.1981). Accordingly, the district court did not err by granting summary judgment for defendant. See Taylor, 880 F.2d at 1044-45.
 
 
 6
 Zankich also contends that the district court abused its discretion by denying his motion for appointment of counsel. We disagree. There were no exceptional circumstances here, see Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir.1990), and even though Zankich had little likelihood of succeeding on the merits he effectively articulated his claims, filed numerous motions, and vigorously pursued discovery, see Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.1986). Accordingly, the district court did not abuse its discretion by denying Zankich's motions for appointment of counsel. See Housewright, 900 F.2d at 1335; Wilborn, 789 F.2d at 1331.
 
 
 7
 We decline Zankich's request that we remand with directions for the district court to allow Zankich to amend his complaint to include negligence pursuant to 28 U.S.C. § 1346(b). We note that, while a negligence cause of action may be cognizable under the Federal Tort Claims Act, Zankich is an Arizona state prisoner and neither Dr. Goy nor the Arizona Department of Corrections are acting under color of federal law. See 28 U.S.C. § 1346.
 
 
 8
 To the extent that Zankich contends the district court is biased against prisoners, our review of the record reveals no evidence of bias. In addition we find no support for Zankich's contention that the court ignored his pleadings and motions.
 
 AFFIRMED.[12]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, Zankich's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Zankich's motions to supplement the record with the U.S. Department of Justice Report and a newspaper article are denied. We have reviewed his Notice to the Court of Completion of Cancer Chemotherapy Treatments
 
 
 [2]
 Because of the disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal