127 F.3d 1104
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jaime ASCENICO, Plaintiff-Appellant,
v.
James H. GOMEZ; Teresa Rocha; L. Shelder; Theo White,
Warden, Defendants-Appellees.
 No. 97-15639.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1997.**
Decided Oct. 24, 1997.
 
 Appeal from the United States District Court for the Eastern District of California William B. Shubb, Chief Judge, Presiding
 Before: THOMPSON, T.G. NELSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jaime Ascencio appeals pro se from the district court's grant of summary judgment in favor of defendants in Ascencio's 42 U.S.C. § 1983 action alleging defendants were deliberately indifferent to his serious medical needs in treating him for his hip and skin condition.[1] We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment in favor of defendants, see Baadadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996), and we affirm.
 
 
 3
 Summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
 
 I. HIP CONDITION
 
 4
 Ascencio contends the district court erred by granting summary judgment in favor of defendant Shelder on his claim that defendant Shelder exhibited deliberate indifference to his hip condition. We disagree.
 
 
 5
 The Eighth Amendment proscribes deliberate indifference to the serious medical needs of prisoners. Estelle v. Gamble, 429 U.S. 97, 104 (1976) (internal quotations omitted); Anthony v. Dowdle, 853 F.2d 741, 742-43 (9th Cir.1988). Thus, to establish a genuine issue of material fact, a prisoner must point to probative evidence in the record that shows (1) a serious medical need, and (2) deliberate indifference by defendant to that medical need. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992). Neither gross negligence nor a difference of medical opinion is sufficient to establish deliberate indifference. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir.) (difference of opinion), cert. denied, 117 S.Ct. 584 (1996); Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir.1990) (gross negligence).
 
 
 6
 The record shows that from October 1992 to October of 1993, Ascencio was housed at California State Prison (CSP)--Sacramento. During the year, he was seen several times by outside orthopedic specialist, Dr. Guilfoy complaining of pain in his left hip caused by degenerative joint disease. Ascencio received various medical tests, was taken off work duty, prescribed pain medication, and was given a cane. The record also shows that Dr. Shelder, in his capacity as Chief Medical Officer at CSP-Sacramento, authorized the referral to the specialist and approved the medical tests after receiving written requests from Dr. Guilfoy. In August of 1993, Dr. Shelder ordered Ascencio's transfer to an institution that could provide continuous orthopedic care. Ascencio ultimately received hip replacement surgery at the receiving institution on March 27, 1995.
 
 
 7
 Ascencio alleged that for several months prior to transferring from CSP-Sacramento, he was awaiting surgery and that Dr. Shelder was responsible for delaying his hip surgery. While Ascencio provided a memo indicating that Dr. Guilfoy discussed the benefits and disadvantages of hip surgery with Ascencio, the CSP-Sacramento medical records do not contain any written request for approval of hip surgery. Nor has Ascencio provided any evidence of such a request. Expert witness Dr. Johns declared that under general prison procedure, an outside consulting physician prepares a recommendation form seeking authorization for the medical service he believes the inmate may need. Dr. Johns reviewed Ascencio's CSP-Sacramento medical file and found no request for surgery in that file. Based on his review of Asencio's medical file, Dr. Johns concluded that Ascencio was provided with adequate medical care the entire time he was housed at CSP-Sacramento. Because Ascencio failed to raise a genuine material fact as to whether Dr. Shelder was deliberately indifferent to his hip condition, the district court did not err by granting summary judgment for defendant Shelder. See Celotex, 477 U.S. at 322.
 
 II. SKIN CONDITION
 
 8
 Ascencio also contends the district court erred by granting summary judgment in favor of defendant Shelder with regard to Ascencio's claim that Shelder was deliberately indifferent to his skin condition. We agree with the district court that there is no evidence that the two-month delay between the time Ascencio first presented his skin condition and the time he received treatment for that condition resulted in "further significant injury" or the "unnecessary and wanton infliction of pain." McGuckin, 974 F.2d at 1059; Wood, 900 F.2d at 1335. Accordingly, we affirm the district court's grant of summary judgment in favor of defendant Shelder on Ascencio's Eighth Amendment claim regarding his skin condition. See Celotex, 477 U.S. at 322.[2]
 
 AFFIRMED.[3]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, Ascencio's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because Ascencio appeals only the district courts grant of summary judgment in favor of defendant Shelder, we limit our discussion to that portion of the court's order
 
 
 [2]
 We reject Ascenio's contentions that the defendants' failure to present his entire medical file to the district court violated the district court's discovery order and that the district court erred by taking into account the expert opinion of Dr. Johns
 
 
 [3]
 Ascencio's motion for appointment of counsel is denied. Ascencio's reply brief is ordered filed