141 F.3d 1173
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Waymon M. BERRY, III, Plaintiff-Appellant,
v.
Eric V. ROSE, Program Administrator, CSP-Corcoran; B.
Hoffman, Medical Doctor, CSP-Corcoran; M. Master,
Correctional Officer, CSP-Corcoran; S. Story, Medical
Technical Assistant, CSP-Corcoran, Defendants,
and
Desmond Mcgann, Medical Doctor, CSP-Corcoran, George Smith,
Warden, CSP-Corcoran, Defendants-Appellees.
 No. 97-15377.
D.C. No. CV-94-05343-HGB.
 United States Court of Appeals, Ninth Circuit.
 Decided March 9, 1998.
Submitted February 9, 1998.**
 
 Appeal from the United States District Court for the Eastern District of California Hollis G. Best, Magistrate Judge, Presiding.
 Before PREGERSON, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Waymon M. Berry, III, a California state prisoner, appeals pro se the district court's judgment as a matter of law in his jury trial in favor of defendants-appellees in his 42 U.S.C. § 1983 action alleging that prison medical staff where deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. We have jurisdiction under 28 U.S.C. § 1983, and affirm.
 
 
 3
 We review de novo the district court's grant of judgment as a matter of law. See Pierce v. Multnomah County, 76 F.3d 1032, 1037 (9th Cir.), cert. denied, --- U.S. ----, 117 S.Ct. 506, 136 L.Ed.2d 397 (1996). The Eighth Amendment proscribes deliberate indifference to the serious medical needs of prisoners which constitutes the " 'unnecessary and wanton infliction of pain.' " Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), (quoting Gregg v. Georgia, 428 U.S. 153, 173, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976)); accord Anthony v. Dowdle, 853 F.2d 741, 742-43 (9th Cir.1988).
 
 
 4
 Although the evidence Berry submitted established serious medical conditions, both his and the defendant's evidence showed attention to his problems and treatment. The evidence of the treatment received did not amount to deliberate indifference. See Estelle, 429 U.S. at 106; Franklin v. Oregon, State Welfare Div., 662 F.2d 1337, 1344 (9th Cir.1981). Because Berry failed to present sufficient evidence that could overcome the judgment as a matter of law, the district court properly granted judgment as a matter of law in favor of defendants. See Fed.R.Civ.Pro. 50; Pierce, 76 F.3d at 1037; Franklin, 662 F.2d at 1344.
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3